# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CARLA CABRERA *et al.*,

    Plaintiffs,

v.

                              Civ. No. 20-532 KWR/KK

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS *et al.*,

    Defendants.

## ORDER DENYING MOTION TO STAY DISCOVERY, GRANTING MOTION TO MODIFY CASE MANAGEMENT DEADLINES, AND SETTING DEADLINE TO FILE AMENDED JSR

THIS MATTER is before the Court on Defendant New Mexico Public Education Department's Motion to Stay Discovery as to NMPED ("Motion to Stay") (Doc. 39), filed December 18, 2020, and New Mexico Public Education Department's Unopposed Motion to Modify Case Management Deadlines ("Case Management Motion") (Doc. 44), filed January 4, 2021.  Plaintiffs filed a response in opposition to the Motion to Stay on January 6, 2021.  (Doc. 48.)  The Court held a hearing on both motions on January 11, 2021, at which the parties' counsel provided additional information and arguments. (Doc. 49.)  Having reviewed and considered the parties' submissions and arguments, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that the Motion to Stay is not well taken and should be DENIED.  The Court further finds good cause to GRANT the Case Management Motion.

Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, the Court must attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before it. 28 U.S.C. § 471; Fed. R. Civ. P. 1. This standard requires the Court, in the course of ensuring a just outcome, to both (1) expedite the ultimate disposition of litigation and (2) reduce its costs.

Discovery stays generally impede the first goal but may, depending on the circumstances, serve the second. As such, the decision whether to stay discovery "depends greatly on each case's facts and progress" and is within the Court's "broad discretion." *De Baca v. United States*, 403 F. Supp. 3d 1098, 1111-12 (D.N.M. 2019); *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1089-90 (D.N.M. 2015).

In deciding whether to stay discovery, courts must exercise sound judgment and "weigh competing interests." *De Baca*, 403 F. Supp. 3d at 1111; *Martin*, 219 F. Supp. 3d at 1089. In so doing, courts

> may consider factors such as: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (quotation marks and brackets omitted).

Plaintiffs filed this case on June 2, 2020 against the Board of Education of Albuquerque Public Schools ("Board"), and, on September 17, 2020, the Court entered an Order setting a discovery termination deadline of February 19, 2021. (Docs. 1, 15.) Since then, Plaintiffs and the Board have engaged in discovery, and Plaintiffs have disclosed an expert report relating to their claims against the Board. (Docs. 21, 23-24, 31-32, 34.) Meanwhile, on October 5, 2020, Plaintiffs filed a First Amended Complaint joining the New Mexico Public Education Department ("NMPED") as a defendant. (Doc. 18.) NMPED filed a Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss") on December 18, 2020 and seeks to stay discovery as between Plaintiffs and itself pending resolution of that motion. (Docs. 37, 39.)

Plaintiffs filed this action following an administrative due process hearing determination that the Albuquerque Public Schools ("APS") denied minor Plaintiff J.M. a Free Appropriate

Public Education ("FAPE") under the Individuals with Disabilities Education Act. (Doc. 18 at 7.) In addition to challenging findings made at the due process hearing and seeking equitable relief, Plaintiffs allege disability discrimination and seek declaratory and injunctive relief and an award of damages. (*See generally id.*)  Importantly, Plaintiffs assert ongoing violations presently impacting J.M., who is now in eighth grade in an APS school. (*Id.*)

If the Court were to grant NMPED's Motion to Stay, the trial of this matter would be delayed, which would be unfairly prejudicial given the allegations that J.M. continues to suffer disability discrimination and deprivation of a FAPE.  A stay as to NMPED would also result in this case following a separate discovery track as to each Defendant, should Plaintiffs' claims survive NMPED's Motion to Dismiss.  Because the claims against each Defendant are intertwined, two discovery tracks would necessarily increase costs and the likelihood of duplicative discovery by, for instance, potentially subjecting Plaintiffs and other witnesses to two depositions.  Thus, the Court finds that Plaintiffs' interests in proceeding expeditiously and avoiding potential prejudice weigh heavily against a stay at this juncture.

In contrast, NMPED has not shown that the burden it would bear, should discovery be allowed to proceed, is in any way out of the ordinary.  NMPED argues that it will be burdened by having to participate in discovery because it will waste NMPED's time and resources to engage in discovery regarding claims that will be dismissed if its Motion to Dismiss is granted. (Doc. 39 at 4.)  While that may be the case, it is also possible that NMPED's motion will be denied, or granted as to some of Plaintiffs' claims but not all, in which case discovery will still be necessary.  In addition, it is possible that the motion will be granted with leave to amend, which may also result in the need for discovery.  *See Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020) ("District courts should freely give leave to amend when justice so requires.") (quotation marks and brackets

omitted).  Moreover, even if NMPED's Motion to Dismiss is wholly successful, it may seek to have its costs taxed against Plaintiffs, which would mitigate its burden.  Fed. R. Civ. P. 54(d).  Thus, though NMPED's interests weigh slightly in favor of a stay, they do not overcome Plaintiffs' interests weighing against one.

With respect to the remaining factors, NMPED has not identified any nonparty who would be so burdened by his or her involvement in discovery in this case that the nonparty's interests would tip the scales in favor of a stay.  Nor do the Court's convenience and the public interest have that effect.  The Court might balance these interests differently if it could predict the outcome of NMPED's Motion to Dismiss with certainty, but that it cannot do.  Meanwhile, it serves neither the Court nor the public to delay discovery indefinitely.  The Court in its discretion therefore DENIES Defendant New Mexico Public Education Department's Motion to Stay Discovery as to NMPED (Doc. 39).

Counsel are to "meet and confer" to formulate an Amended Joint Status Report and Provisional Discovery Plan ("Amended JSR").  Plaintiffs are responsible for electronically filing the Amended JSR by **Friday, January 22, 2021.** The Court will determine actual case management deadlines after considering the parties' requests in the Amended JSR.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE